UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID E. SNIDER, )<br>      Plaintiff, )<br>                          )<br>     v.                          )<br>                          )<br>KILOLO KIJAKAZI, Acting Commissioner )<br>of the Social Security Administration, )<br>      Defendant. ) | CAUSE NO.: 3:21-CV-474-JVB |

**OPINION AND ORDER**

This matter is before the Court on a Motion of [Award] of Attorney's Fees Pursuant to the Equal Access to Justice Act [DE 26] filed by Plaintiff David E. Snider on April 4, 2022, and on a Supplemental Motion of Award of Attorney Fees Pursuant to the Equal Access to Justice Act Fee [DE 33] filed by Plaintiff on May 9, 2022. Defendant Commissioner of Social Security filed a response to the first motion on April 25, 2022, to which Plaintiff replied on May 9, 2022. The Commissioner did not file a response to the second motion.

On July 1, 2021, Plaintiff filed a Complaint seeking judicial review of the Commissioner's decision denying his applications for disability insurance benefits and supplemental security income. On December 21, 2021, Plaintiff filed an opening brief. On March 4, 2022, the Commissioner filed a motion to remand the case for further administrative proceedings, which the Court granted.

In the instant Motion for Attorneys' Fees, Plaintiff seeks fees under the Equal Access to Justice Act (EAJA) in the amount of $22,812.30 for 107.10 hours of attorney work by attorney Joseph Shull and $2,300.40 for 10.80 hours by attorney Ann Trzynka. The requested hourly rate for both attorneys' work is $213.00. The Commissioner, in her response, opposes the number of hours as unreasonable and asks the Court to reduce the request to 60 hours. The Commissioner

does not oppose the requested hourly rate. The Commissioner does not contest Plaintiff's assertions that he is a prevailing party and that his net worth is under two million dollars. The Commissioner also does not argue that her position in the underlying litigation was substantially justified. In the Supplemental Motion for EAJA Fees, Plaintiff requests an additional award in the amount of $3,035.25 for 14.25 hours spent drafting the reply brief in support of the original motion for EAJA fees. In total, Plaintiff requests $28,147.95 for 132.15 hours of attorney work at $213.00 per hour.

The Commissioner argues that Shull's description in his time entries are impermissibly vague. Plaintiff disputes this characterization. Though Shull could have, for example, included the page numbers of the administrative record reviewed in his billing entries to provide more detail, the Court cannot say that the entries are so vague to be dismissed out of hand. However, as will be discussed below, Plaintiff has not met his burden to show that the hours claimed are reasonable, and it is possible that more robust descriptions of the time entries would have helped Plaintiff to meet this burden.

The Commissioner also contends that the number of hours claimed are unreasonable. Plaintiff bears the burden of demonstrating that the requested hours are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Counsel for the prevailing party should make a good-faith effort to exclude excessive, redundant, or otherwise unnecessary hours. *Id.* at 434. "[T]he district court has discretion in determining the amount of a fee award" due to its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Id.* at 437. Appropriate considerations when determining whether requested hours have been reasonably billed include the complexity of the case, the staffing particulars, and the results obtained for the party. *Id.* at 434-37.

Magistrate Judge Andrew Rodovich of this Court recently noted that attorney Shull "appears to be engaging in a pattern of behavior" of requesting fees that judges of the Northern District of Indiana have found to be excessive. *Prilaman v. Kijakazi*, No. 1:21-CV-46, 2022 WL 4354761, at *4 n.3 (N.D. Ind. Sept. 19, 2022) (collecting cases).

In *Prilaman*, Shull claimed 141.1 hours, and Judge Rodovich awarded fees for 85 hours.[1] *Id.* at *1-4. In *Mahara v. Saul*, No. 1:19-CV-187, 2020 WL 6129209, at *2 (N.D. Ind. Oct. 19, 2020), Shull claimed 64.95 hours, and Judge Robert Miller awarded fees for 25.95 hours.[2] In *Martin v. Saul*, No. 1:18-CV-33, 2020 WL 5525501, at *4, *7 (N.D. Ind. Sept. 15, 2020), Shull claimed 170.85 hours, and Magistrate Judge Susan Collins awarded fees for 116.25 hours. In *Barr v. Saul*, No. 1:18-CV-104, 2020 WL 5542793, at *1, *7 (N.D. Ind. Sept. 15, 2020), Shull claimed 160.1 hours, and Magistrate Judge Joshua Kolar awarded fees for 108.65 hours. In *Hawkins v. Saul*, 1:18-CV-83, 2019 WL 6769277, at *1, *5 (N.D. Ind. Dec. 12, 2019), Shull claimed 149.3 hours, and Judge Kolar awarded fees for 111.8 hours. In *Bishop v. Berryhill*, No. 1:17-CV-363, 2018 WL 5129484, at *1, * (N.D. Ind. Oct. 22, 2018), Shull claimed 126.05 hours, and Magistrate Judge Paul Cherry awarded fees for 107 hours.

Of course, the fact that other judges, in the contexts of other cases, found that the number of hours requested were unreasonable does not squarely address whether, in the context of this case, the requested hours are unreasonable.

The Commissioner challenges the requested fee, arguing that the requested hours should be reduced to 60 hours, which at the requested hourly rate would be an award of $12,780.00. Sixty hours, according to the Commissioner, is the top end of the standard range of reasonable hours for

---

[1] For the sake of simplicity, the Court adds together the hours sought in the initial motions and the supplemental motions in the cases listed in this paragraph.

[2] In Judge Miller's order, attorney Trzynka also received an award of fees for work on Mahara's social security claim.

3

a social security case in this judicial circuit. *Accord Franklin v. Berryhill*, No. 1:17-CV-202-PRC, 2018 WL 1633778, at *1 (N.D. Ind. Apr. 5, 2018); *Spraggins v. Berryhill*, No. 16 C 7304, 2018 WL 661553, at *1 (N.D. Ill. Feb. 1, 2018); *Weitz v. Colvin*, No. 10-CV-493-WMC, 2015 WL 438167, at *2 (W.D. Wis. Feb. 3, 2015). The "standard range" is simply that—the range of hours that are fairly typically considered reasonable in a fairly typical case. The circumstances of a particular case may render the standard range of hours unreasonably high, or the circumstances may render hours well over the standard range to be reasonable.

The Commissioner argues that, due to the agreed remand, the requested hours do not include time spent reviewing a response brief and drafting a reply brief. Plaintiff counters that time spent was reasonable due to the lengthy administrative record, which was 2601 pages, and the factual nature of a "cherry-picking" argument, which Plaintiff states was closely related to the main claim of error.

The Court considers the factual specifics of this case in deciding what is an appropriate award. On the one hand, Plaintiff's counsel obtained a favorable result, developed arguments on the more time-intensive bases of cherry-picking and vocational expert testimony, and took the case on a contingency-fee basis.[3]

On the other hand, the first 1463 pages of the record are the same as the administrative record from Plaintiff's first appeal from the agency to this Court, during which he was represented by attorney Trzynka. Bringing in Shull, who presumably had no familiarity with the facts of this case, to handle the bulk of the work caused some degree of inefficiency over what would have

---

[3] The Court credits counsel for taking this case without a guaranteed payment. However, though Plaintiff asserts that lawyers are unlikely to spend unnecessary time inflating fees due to the contingency nature of the case, the availability of EAJA fees in social security cases tempers to some degree the disincentive to inflate time spent in comparison to a case where EAJA fees are not available and the attorney fee will be based solely on a percentage of the litigant's recovery, if any. The Court in no way states this to imply that an intentional inflation of time occurred in this case.

happened if Trzynka had taken on this work herself. Additionally, Shull worked in a piecemeal fashion, reading the transcript in fifteen segments over nearly three weeks, including nine days on which three hours or fewer were spent on the case. Similarly, he drafted the opening brief in segments over eighteen separate days, including several topics for which the work was split into smaller segments spread over multiple days. Separating the work into such small periods of time can be inefficient due to the need to reorient oneself when beginning to work on the case each day.

Further, because the Commissioner agreed to remand instead of filing a response brief, the time in a "standard" case that is spent on reviewing the response and drafting the reply were not incurred here. The Court does not question either counsels' experience, reputation, and ability, but this argument in favor of their requested hourly *rate* also raises the question of why so much more *time* than the standard case was needed. With experience comes efficiency. A more inexperienced attorney's inefficiency accounts, in part, for their lower hourly rate.

Plaintiff also asserts that his counsel has a higher success rate than the average in this judicial circuit. However, as he compares his counsel's success rate from 2019 to 2022 to a data set from 2010 to 2013 and from a report issued in 2017, the Court does not accept as factually demonstrated that counsel's clients have a 60% greater-than-average probability of success. In order to fully understand how Shull's success rate compares to the circuit average, the same time frame would need to be used for both Shull's cases and the circuit's cases taken as a whole.

The Court also accepts Plaintiff's statement that counsel should not do only "just enough" work to win a case. The Court does not reduce Shull's hours to the lowest number of hours that could have proven enough for Plaintiff to succeed on his claim. Instead, the Court will reduce the hours to the amount of hours *no more than which* has been shown to be reasonable.

Ultimately, the Court finds that Plaintiff has not met his burden to show that the requested 117.9 hours requested for this case (prior to the filing of the initial motion for attorney fees) was reasonable. The Court finds that 60 hours is a reasonable number of hours for the underlying merits of this case, and that Plaintiff has not shown that any hours above 60 were reasonably spent on the matter.

Finally, in the Supplemental Motion, Plaintiff asks for an additional $3,035.25 for the 14.25 hours spent on the reply brief to the initial EAJA motion. The Commissioner has not filed an objection to this request, though in her response to the initial motion she asked the Court to "carefully scrutinize the reasonableness" of the hours that may be claimed for the preparation of a reply brief. (Resp. at 8 n.7, ECF No. 31). She also stated that Plaintiff's counsel has no entitlement "to any significant additional hours" in preparing the reply unless counsel successfully documents, in that reply, the reasonableness of the hours requested in the initial motion. Plaintiff did not address these matters, raised in a footnote in the response brief, in the supplemental motion.

Plaintiff's reply brief was the only opportunity to defend against the Commissioner's request that the Court significantly reduce the number of attorney hours requested by Plaintiff. The reply brief was not successful, in that Plaintiff has not met his burden to show the reasonability of hours requested on the underlying merits in excess of 60 hours. Also, the time entries for the work on the reply brief are all described solely as "EAJA Reply Brief" with no further detail. The Court finds that a reduction of the hours for the reply brief are warranted in light of the lack of success and the paucity of detail regarding the billing entries (as mentioned above, more robust entries could have helped Plaintiff meet his burden to show that the time spent was reasonable). *See Mahara*, 2020 WL 6129209, at *2 (reducing by 50% the 20.15 hours requested in a supplemental EAJA motion for "defending what the court has determined to be an excessive and unreasonable

request for fees on his part"). The Court deducts six hours from the request and awards fees for 8.25 hours of attorney time spent on the EAJA reply brief

## CONCLUSION

Accordingly, the Court hereby **GRANTS with relief different than requested** the Motion of [Award] of Attorney's Fees Pursuant to the Equal Access to Justice Act [DE 26] and **GRANTS with relief different than requested** the Supplemental Motion of Award of Attorney Fees Pursuant to the Equal Access to Justice Act Fee [DE 33]. The Court **ORDERS** that Plaintiff is awarded attorney fees in the total amount of $14,537.25[4] pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. If the Government determines that Plaintiff does not owe a pre-existing debt subject to offset, the Commissioner shall direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and his counsel.

SO ORDERED on November 7, 2022.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

---

[4] As Plaintiff's attorneys have their own agreement as to how EAJA fees will be split, *see* (Acknowledgement of Fee Sharing, ECF No. 23-1), the Court need not determine how many hours are awarded to each attorney.